IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fozyia Huri, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Office of the Chief Judge of the Circuit Court of Cook County, a unit of local government, and Cook County, a unit of local government, and Sylvia McCullum, in her individual capacity, | ) ) ) ) ) ) ) ) | No. 11 C 3675<br><br>Judge Der-Yeghiayan |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**
**(Civil Rights and Employment Discrimination)**

**Introduction**

1. Plaintiff Fozyia Huri seeks redress for religious discrimination, national origin discrimination, and retaliation. This case is brought for continuing violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended (Count I); and continuing violations of rights under the First Amendment to the Constitution of the United States, and rights of equal protection under the Fourteenth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. § 1983 (Count II).

**Jurisdiction**

2. Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343.

3. On May 13, 2010, Plaintiff timely filed a charge of religious discrimination, national origin discrimination, and retaliation with the EEOC. (See attached.)

4. On March 3, 2011, Plaintiff received a Notice of Right To Sue. (See attached.)

1

5. Venue is proper in this judicial district because the Defendants reside here, and all of the events occurred here.

## The Parties

6. Plaintiff Fozyia Huri ("Plaintiff") is a Muslim of Saudi Arabian national origin. At all relevant times, Plaintiff was employed by the Office of the Chief Judge of the Circuit Court of Cook County. At all relevant times, Plaintiff was a Child Care Attendant in the Children's Advocacy Rooms of the Circuit Court of Cook County.

7. Defendant Office of the Chief Judge of the Circuit Court of Cook County is a unit of local government operating in the Northern District of Illinois.

8. Defendant Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, including the Office of the Chief Judge of the Circuit Court of Cook County. Cook County is sued as a necessary party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

9. During the events complained of, Defendant Sylvia McCullum was employed by the Office of the Chief Judge of the Circuit Court of Cook County. During the events complained of, Defendant Sylvia McCullum was Executive Director of the Children's Advocacy Rooms of the Circuit Court of Cook County. She is sued in her individual capacity. At all relevant times, McCullum was acting in the course and scope of her employment.

10. At all times relevant hereto, the Defendants were acting under color of state law.

## Facts Upon Which Claims are Based

11. Plaintiff was hired by the Office of the Chief Judge of the Circuit Court of Cook County in June 2000 as a Child Care Attendant in the Children's Advocacy Rooms of the Circuit Court of Cook County.

12. At all relevant times, Plaintiff wore a hijab (Islamic head scarf) covering her hair, but not covering her face.

13. On September 11, 2001, several Muslims of Saudi Arabian national origin engaged in terrorist attacks against the United States.

14. In 2002, Timothy C. Evans (Christian, African-American), the Chief Judge of the Circuit Court of Cook County, appointed Sylvia McCullum (Christian, African-American) Executive Director of the Children's Advocacy Rooms of the Circuit Court of Cook County.

15. McCullum attended the same church as Chief Judge Evans.

16. At all relevant times, Plaintiff was the only Muslim Child Care Attendant under McCullum's supervision. At all relevant times, Plaintiff was the only Child Care Attendant of Saudi Arabian national origin under McCullum's supervision.

17. McCullum's office was in the same building as Plaintiff's worksite, at 69 W. Washington, Chicago.

18. At the time that McCullum was appointed Executive Director, Plaintiff was the only Child Care Attendant under McCullum's supervision working at 69 W. Washington, Chicago.

19. As Executive Director, McCullum was responsible for supervising several Child Care Attendants across Cook County.

20. Around the time that McCullum was appointed Executive Director of the Children's Advocacy Rooms of the Circuit Court of Cook County, McCullum became aware that Plaintiff was not Christian.

21. Around the time that McCullum was appointed Executive Director of the Children's Advocacy Rooms of the Circuit Court of Cook County, McCullum became aware that Plaintiff was Muslim.

22. Upon her appointment as Executive Director, McCullum met with all the Child Care Attendants who worked outside 69 W. Washington to introduce herself.

23. Although they worked in the same building, McCullum waited for two weeks before introducing herself to Plaintiff.

24. When McCullum introduced herself to Plaintiff, McCullum was unfriendly.

25. From 2002 until November 2010, McCullum repeatedly told Plaintiff that McCullum was a "good Christian."

26. McCullum told Plaintiff that Chief Judge Evans was a "good Christian."

27. From 2002 until November 2010, McCullum repeatedly told Plaintiff that another Child Care Attendant, Pauline, was a "good Christian" and a "good church-going Christian."

28. In 2009, McCullum said that Child Care Attendant Gwen Jones should work with a "good Christian," not with Plaintiff, because Plaintiff was "evil."

29. McCullum's above-mentioned religious comments created a hostile work environment for Plaintiff.

30. In December 2009, during the work day, McCullum asked several Child Care Attendants (including Plaintiff) to hold hands. Once they were all holding hands, McCullum prayed out loud in the name of Jesus Christ.

31. Being involuntarily drawn into a Christian prayer circle created a hostile work environment for Plaintiff.

32. From 2002 to November 2010, during the time period when McCullum was engaging in the above-mentioned actions, McCullum repeatedly made false criticisms of Plaintiff; made false allegations of misconduct against Plaintiff; subjected Plaintiff to different rules than Plaintiff's co-workers; screamed at Plaintiff; and subjected Plaintiff to greater scrutiny than

4

Plaintiff's co-workers. These terms and conditions of employment created a hostile work environment for Plaintiff.

33. From 2002 to November 2010, Plaintiff repeatedly complained to the Office of the Chief Judge of the Circuit Court of Cook County about the religious comments, the prayer circle, and the other oppressive terms and conditions of her employment, but McCullum's misconduct continued.

34. Following Plaintiff's complaints to the Office of the Chief Judge of the Circuit Court of Cook County, McCullum informed Plaintiff that the Office of the Chief Judge of the Circuit Court of Cook County was not interested in Plaintiff's complaints and was tired of Plaintiff's complaints.

35. Following Plaintiff's complaints to the Office of the Chief Judge of the Circuit Court of Cook County, McCullum retaliated against Plaintiff by repeatedly making false criticisms of Plaintiff; making false allegations of misconduct against Plaintiff; subjecting Plaintiff to different rules than Plaintiff's co-workers; screaming at Plaintiff; and subjecting Plaintiff to greater scrutiny than Plaintiff's co-workers.

36. The harassment and retaliation ended only when Plaintiff was finally transferred away from McCullum in November 2010 to the Court Reporters' Office at the Circuit Court of Cook County.

## COUNT I

**Against Defendants Office of the Chief Judge of the Circuit Court of Cook County (and Cook County as a Necessary Party)**
**(Title VII – Religious and National Origin Harassment; Retaliation)**

37. Paragraphs 1-36 are restated herein.

38. Defendant Office of the Chief Judge of the Circuit Court of Cook County subjected Plaintiff to religious and national origin harassment, and retaliation, in violation of 42 U.S.C. § 2000e *et seq.*, as amended.

39. Defendant Office of the Chief Judge of the Circuit Court of Cook County's unlawful actions have caused Plaintiff emotional distress, inconvenience, and other consequential damages.

WHEREFORE Plaintiff respectfully requests:

   A.   Compensatory damages;

   B.   Attorney's fees and costs; and

   C.   Such other relief as law and justice allow.

## COUNT II

### Against Defendant Sylvia McCullum
**(Section 1983, First Amendment – Religious and National Origin Harassment; Retaliation 14th Amendment – Denial of Equal Protection; Retaliation)**

40. Paragraphs 1-39 are restated herein.

41. Defendant Sylvia McCullum harassed Plaintiff on the basis of religion and national origin, and retaliated against Plaintiff, in violation of 42 U.S.C. § 1983.

42. Defendant Sylvia McCullum's unlawful actions have caused Plaintiff emotional distress, inconvenience, and other consequential damages.

WHEREFORE Plaintiff respectfully requests:

   A.   Compensatory damages;

   B.   Punitive damages;

   C.   Attorney's fees and costs; and

   D.   Such other relief as law and justice allow.

Respectfully Submitted,

*/s/ **Kamran Memon***

_____
Plaintiff's Attorney

Kamran Memon
200 S. Michigan Ave.
Suite 1240
Chicago, IL 60604
(312) 961-2354